TORRES *v*. THE DISTRICT COURT.

APPLICATION for a Writ of *Certiorari*.

No. 3.—Decided January 15, 1906.

CERTIORARI—REQUIREMENTS FOR APPLICATION.—In applications for the writ of *certiorari* the petitioner must state clearly and concisely the errors of procedure which have been committed in the trial and review of which is sought.

UNLAWFUL DETAINER—CONSIGNATION—DEPOSIT—APPEAL.—A consignation made in accordance with the provisions of sections 1144 and 1148 of the Civil Code is equivalent to a compliance with the obligation to pay, and must not be confused with the consignation referred to in section 12 of the act establishing the action of unlawful detainer, approved March 9, 1905, which has no other signification than that of a deposit, inasmuch as it is subordinated to the outcome of the final judgment rendered on appeal.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for petitioner.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Attorney Herminio Díaz Navarro, on behalf of José Torres Díaz, filed an application for a writ of *certiorari*, for the correction of certain errors of procedure committed in an action of unlawful detainer based on the ground of the nonpayment of the rental agreed upon, instituted by the petitioner in the Municipal Court of Bayamon against Juan Martinó, and subsequently continued in the District Court of San Juan by virtue of the appeal taken by the latter.

It is not stated in a clear and specific manner what were the errors of procedure which were committed, and this it was the duty of the petitioner to do upon making this application for a writ of *certiorari*.

But when sections 1144 to 1148 of the Revised Civil Code are alleged to have been violated, we must assume that the consignation of a sum representing the rental for the months of September, October, November, and December last was not made in accordance with the provisions cited, because it was on this ground that the dismissal of the appeal was prayed for under the provisions of section 15 of the Act establishing unlawful-detainer proceedings, approved March 9th of the preceding year; which prayer was denied by the judge of the district court, and after the trial had been held the complaint was dismissed.

Let us see now whether any errors were committed in the consignation:

Section 12 of said Act establishing unlawful-detainer proceedings provides:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to date of the judgment."

Section 15 provides:

"In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due."

The petitioner alleges in his application that the rental for the months of September, October, and November had been deposited in the office of the secretary of the Municipal Court of Bayamon, and it is to be assumed, as nothing to the contrary is alleged, that the provisions of section 12, aforecited, had been complied with in all respects, in view of the fact that the appeal was allowed.

And if it be further alleged that the rental for the month of December last was also deposited in the office of the secretary of the district court, and it is not alleged that the subsequent installments were not deposited during the prosecution of the appeal, then it does not appear, nor is it alleged in the application, that an error was committed in the procedure by the denial of the judge to dismiss the appeal, inasmuch as his decision conformed in all respects to the provisions of said section 15 of the act establishing unlawful-detainer proceedings upon which the petitioner bases his application.

It appears that in this case the prior deposit, required by the law establishing unlawful-detainer proceedings for the admission and prosecution of an appeal to its conclusion, is confused with the tender of payment and consignation referred to in sections 1144 to 1148 of the Revised Civil Code.

A consignation in such case duly made is equivalent to the performance of the obligation to pay, and the consignation, made for the admission and prosecution of an appeal in an action of unlawful detainer to which the petitioner refers, is subordinate to the results of the final decision, and for this reason cannot be considered other than a deposit, as has been stated above.

Such consignation or deposit has been made, in accordance with the provisions of the special act establishing unlawful-detainer proceedings, in the offices of the secretaries· of the respective courts, as is to be inferred from the application for a writ of *certiorari* itself, and we therefore do not observe the errors of procedure committed, and the application for a writ of *certiorari* herein should be denied.

*Denied.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.